UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Craig Lewis Bishop,<br>                              Debtor. | C/A No. 04-14378-W<br><br>**ORDER**<br><br>Chapter 12 |

THIS MATTER comes before the Court upon a Motion to Stay Appeal (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 8005 filed by AgSouth Farm Credit ("AgSouth") on June 7, 2005. The Motion is predicated upon a Notice of Appeal (the "Appeal" or "Notice of Appeal") filed by telefax[1] on June 3, 2005, which purported to appeal the Order on Craig Lewis Bishop's ("Debtor") Motion to Establish Value of certain real property and improvements pursuant to 11 U.S.C. § 506(a). The Order on the Motion to Establish Value determined the extent of AgSouth's and Farm Service Agency's ("FSA") secured interest. Upon the emergency request of AgSouth, a hearing was held on the Motion on June 9, 2005, immediately prior to the confirmation hearing on Debtor's Chapter 12 Plan. All parties and the Court proceeded at that hearing based upon a belief that the Notice of Appeal had been timely filed.

The Court indicated that it would deny the Motion because, in its view, AgSouth would not likely prevail on the merits of the Appeal and Debtor would suffer considerable prejudice if the confirmation of his Chapter 12 Plan, otherwise recommended by the Chapter 12 Trustee, was delayed. Language preserving the parties' rights was suggested which would facilitate approval of an amended plan without further hearing and contemplated the denial of the Motion. It now appears that an issue exists as to the filing of the Notice of Appeal, which provides additional grounds to

---

[1] The terms "telefax" and "facsimile" are used interchangeably herein.

deny the Motion. Further, given the potential for Debtor to be prejudiced by not having been fully informed of the context within which the Appeal was filed, the Court issues this Order on the Motion for Stay Pending Appeal taking into consideration all relevant factors and the circumstances surrounding the filing of the Notice of Appeal.

This Court entered an Order on May 24, 2005 on the Motion to Establish Value, which valued the secured claim of AgSouth at $77,000.00 and the secured claim of FSA at $0.00. AgSouth, through counsel Marvin Jones, apparently determined to appeal the Order and, on June 1, 2005, mailed for filing and served by mail a Notice of Appeal. The Notice of Appeal was mailed for filing to the former address of the Bankruptcy Court's Clerk's Office, Post Office Box 1448. That address was discontinued in April 2005 pursuant to a February 16, 2005 Public Notice, provided to the bar and affected parties by the posting of that information on the Court's Web Page, by prominent postings outside all the courtrooms, in the Clerk's Office public areas, and by providing the information by electronic transmission to all participants of the Court's Case Management/Electronic Case Filing system ("CM/ECF") pursuant to Federal Rule of Civil Procedure 5. Mr. Jones' firm is apparently not a participant in the Court's CM/ECF system.[2] Jones attended hearings before the Court in this and other cases subsequent to February 16, 2005.

Due to the Notice of Appeal being mailed to an incorrect address, the original Notice did not arrive at the Clerk's Office on or before the last day for the timely filing of an appeal, June 3, 2005.

---

[2] This Court converted to the Case Management/Electronic Case Filing system, approved by the Judicial Conference of the United States, on January 21, 2003. On October 18, 2004, the Court revised its prior guidelines relating to CM/ECF and implemented the Guidelines for the Filing of Documents, adopted by Operating Order 04-11, which comprised a comprehensive set of procedures for filings with this Court. While participation in CM/ECF is not mandatory, the Guidelines express that those parties with legal representation who are not registered CM/ECF participants shall effect filings electronically through submission of a CD rom or a 3.5 inch computer disk. Only parties without legal representation are to effect filings conventionally (i.e. by a paper filing).

The circumstances surrounding the telefax filing are as follows. On Friday, June 3, 2005, at midday, another lawyer participating in the case, an Assistant United States Attorney representing FSA, inquired with a courtroom deputy clerk (the "Courtroom Deputy Clerk") as to whether the Court had yet received the Notice of Appeal.[3] Identifying concern with Jones' use of the incorrect address, the Courtroom Deputy Clerk advised the Chief Deputy (Type II) Clerk of Court,[4] whereupon the Chief Deputy directed the Courtroom Deputy Clerk to initiate contact with Jones to inquire about the filing of the Notice of Appeal.

Jones' office is located in Walterboro, South Carolina, approximately 95 miles from the Clerk's Office, with a travel time of approximately 1 ½ hours. After inquiring with Jones and upon confirmation that the Assistant U.S. Attorney had previously received a copy of Jones' Notice, but without providing information or contact with Debtor's counsel, the undersigned, or his Chambers staff, the Chief Deputy allowed the filing by telefax and directed the docketing of the Notice of Appeal with a filed date of June 3, 2005. The Notice was entered on the docket on Monday, June 7, 2005. The telefax transmission information visible on the Notice of Appeal indicated a transmission at 3:22 p.m. on June 3, 2005.

The undersigned Judge and his Chambers staff of 3 were all present and working on June 3, 2005, and no inquiry or request regarding the Notice of Appeal was made to them by either counsel

---

[3] The Order affected the rights of FSA. Pursuant to Federal Rule of Bankruptcy Procedure 8002, if a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by the rule, whichever period last expires. Accordingly, FSA had an additional period beyond the filing of AgSouth's Appeal within which to file its appeal. Rule 8002 specifically contemplates that the additional time given to any other party to appeal is dependent upon the timely filing of an appeal by the initial filing party. Nevertheless, FSA did not file a Notice of Appeal and its time for doing so has expired pursuant to Rule 8002.

[4] Effective June 4, 2005, the Chief Deputy was appointed Acting Clerk of Court by the Chief Judge during the pendency of the Court's selection process for a successor Clerk.

or any member of the Clerk's Office. The originally mailed Notice of Appeal was not received by the Court until June 15, 2005.

Facsimile filings are not allowed by the United States Bankruptcy Court for District of South Carolina except under the strictest of demonstrated circumstances. However, no Local Rule expressly references the allowance. As previously referenced, the Guidelines for the Filing of Documents (the "Guidelines") were implemented by Operating Order 04-11 on October 18, 2004. The twenty-three (23) page document governs the filing of all documents, including both electronically transmitted documents and paper filings (described as conventional filings). The Guidelines allow electronically transmitted filings under the Court's CM/ECF system and contemplate facsimile filings only in the event of a technological failure of the <u>Court's</u> CM/ECF system (not that of the filing party). Furthermore, the filing is subject to Court review of the circumstances of such an emergency filing, including whether the filing would be made untimely as a result of a technological failure of the Court's CM/ECF system.

The Guidelines do not provide for paper or conventional filings by telefax. Additionally, the Guidelines at Section II.A.1. require all filings by parties with legal representation who are not registered on CM/ECF to file electronically through submission of a CD rom or a 3.5 inch computer disk. Furthermore, no Local Rule of this Court authorizes filing by telefax. Accordingly, such filings are not authorized beyond the above-described circumstances.[5]

---

[5] Pursuant to the United States District Court for the District of South Carolina Local Rule 83.IX.02, the Bankruptcy Judges of this District are authorized to make such rules of practice and procedure as they may deem appropriate, thus it appears the rules of this Court would govern the filing of documents before this Court. Nevertheless, even considering the Local Rules for the District Court, Local Rule 5.02 references the filing of documents by facsimile in the event of an emergency after-hour filing when the party making the request contacts the Clerk of Court or his designee during normal business hours to make arrangements to accept the after-hour filing. Local Rule 5.02 specifically provides that the filing party must subsequently deliver the original document to the Clerk of Court by 9:30 a.m. on the first business day following the request. Furthermore, in the District Court's

Despite the newly enacted comprehensive Guidelines, as well as subsequent revisions to the Local Rules, and unbeknownst to the undersigned, the Clerk's Office may continue to refer to an Order entered on August 22, 1997 entitled Emergency Filing of Documents During Non-Public Business Hours. Any reliance thereon appears misplaced for a number of reasons.

First, the enactment of the comprehensive Guidelines governing the filing of documents appears to supercede the 1997 Order. The Guidelines are recognized in the Court's most recent revision of the Local Rules in March 2005 with respect to the filing of pleadings and other documents. See SC LBR 1007-1, 9014-1(b)(4), and 9014-1(d).

Second, the 1997 Order was based upon former South Carolina Local Bankruptcy Rule 5005-1, which provided wide latitude to the Clerk of Court regarding filing requirements and the issuance of controlling "Clerk's Instructions." Local Rule 5005-1 and the resulting Clerk's Instructions were abrogated upon the adoption of a comprehensive set of new Local Rules on April 15, 2005. In addition, the Local Rules have been revised on at least two occasions since 1997. The most recent revisions in 2005 were specifically contemplated to incorporate existing operating and procedural orders (regardless of title) into the Local Rules in an effort to consider continuation of their effectiveness through the Local Rules. The 1997 Order was never incorporated into the Local Rules through any of the post-1997 revisions. To the extent any Order was not incorporated into the Local Rules, effort was further undertaken to note all outstanding operating and procedural orders affecting parties on the Court's web page. The 1997 Order was not identified by the Clerk's Office, through

---

Electronic Case Filing Policies and Procedures, facsimile filings appear to be defined as an "alternative submission" to filing via the District Court's CM/ECF system. "Alternative Filings" include e-mail, facsimile, or physical presentation, all of which appear to be permitted in the event of a technical failure of the Court's system. Therefore, even if applicable, the filing of the Notice of Appeal did not comply with the District Court's Local Rules and Procedures.

its Chief Deputy, as such an effective order nor has it been posted on the Court's web page as such a governing order. It is the view of the undersigned that the 1997 Order cannot be viewed as currently effective.[6]

Third, the 1997 Order provides that the Clerk or her designee remain at the Court until 6:00 p.m. on a regular business day to accept emergency filings and allows telefax filings only after 6:00 p.m., or on a weekend or a legal holiday. The record here indicates that Jones could have delivered the original documents for filing on or before 5:00 p.m. on Friday, June 3, 2005, a regular business day. Finally, the telefax procedures described in the Order require the original to be delivered to the Clerk's Office by 9:30 a.m. on the day following the request. The record demonstrates the original Notice of Appeal was not presented until twelve (12) days thereafter. Accordingly, even if the 1997 Order were to be considered, the procedures thereunder were not followed.

The undersigned did not authorize the telefax filing of the Notice of Appeal, despite being available for such consideration, and no Local Rule or equivalent order contemplated the filing in the manner executed. Therefore, the Court believes it was unauthorized.

Pursuant to Federal Rule of Bankruptcy Procedure 8005, the Court considered the Motion for Stay Pending Appeal on June 9, 2005 and had determined to deny the Motion. The circumstances surrounding the telefax filing of the Appeal and receipt of the original Notice of Appeal twelve (12) days after the deadline for such filing,[7] which this Court became fully aware

---

[6] Furthermore, with the advent of CM/ECF, the procedures provided in the 1997 Order appear outdated, and the filing of post-CM/ECF documents are now more appropriately addressed in the Guidelines.

[7] It appears that no motion has been made pursuant to Federal Rule of Bankruptcy Procedure 8002(c)(2), which may have extended the time for filing an appeal based upon a showing of excusable neglect. Furthermore, the Court is aware of a narrowly applied "unique circumstances doctrine" which may apply where "a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." Panhorst v. United States, 241

subsequent to the hearing on June 9, 2005, provide additional information for this Court to consider prior to issuing its Order on the Motion for Stay Pending Appeal, particularly given the potential for prejudice to Debtor.[8]

Accordingly, for the reasons stated on the record of the hearing held on Thursday, June 9, 2005, and for the reasons stated herein, the Motion for Stay Pending Appeal is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
June 29, 2005

---

F.3d 367, 372 (4th Cir. 2001) (citing Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989)). The continuing viability of this doctrine has been called into doubt. Id. Nevertheless, the unique circumstances doctrine may not be available inasmuch as it does not appear that an act was performed which if properly done would have postponed the appeal deadline, and there was no specific assurance by a judicial officer as contemplated by the doctrine. Id. See also Moore v. South Carolina Labor Bd., 100 F.3d 162, 164 (D.C. Cir. 1996) (statements made by clerk's office cannot be characterized as official judicial action); United States v. Henry Bros. Partnership (In re Henry Bros. Partnership), 214 B.R. 192, 196 (B.A.P. 8th Cir. 1997) (must be affirmative representation by the judge).

[8] The Court notes that the telefax filing was originally contemplated by the Clerk's Office to be replaced by the original Notice of Appeal (not received until June 15, 2005) and reflect a filed date of June 3, 2005. Under these circumstances, a party reviewing the docket may not be fully aware of the circumstances surrounding the filing.